```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DENNIS COLEMAN,                     :
                  Plaintiff,        :   17 Civ. 8340 (HBP)
     -against-                      :   OPINION
                                        AND ORDER
DeFRANCO PHARMACY, INC.,            :
et al.,                             :
                  Defendants.       :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

On July 26, 2018, I presided over a settlement conference attended by the parties and their counsel, at which a settlement was reached. This matter is now before me on the parties' joint application to approve their settlement.[1] All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff, who alleges that he worked at the defendants' pharmacy, brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"). Plaintiff claims that defendants failed to pay him the minimum wage during his employment and failed to pay him overtime premium pay. Plaintiff also asserts claims based on

---

[1] Although the parties have agreed that no submissions need be made in support of the settlement, the parties intend to put the agreement in writing.

defendants' alleged failure to maintain certain payroll records and to provide certain notices as required by the NYLL. Plaintiff claims that he is entitled to a total of approximately $132,000.00 in damages, plus attorney's fees.

Defendants dispute all of plaintiff's claims. Defendants contend that plaintiff worked at the pharmacy irregularly, performing odd jobs, at hours plaintiff unilaterally chose. Defendants further contend that plaintiff is more properly characterized as an independent contractor rather than an employee. Defendants claim that plaintiff never worked more than 40 hours per week and that he was paid more than the minimum hourly wage for all the hours that he worked.

Following a protracted discussion at the settlement conference of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for the total amount of $43,000.00, payable within thirty days of the entry of an Order approving the settlement. The parties also agreed that $716.00 will be paid to plaintiff's counsel to reimburse him for the out-of-pocket costs incurred to date and that one-third of the remainder -- $14,094.00 -- will be paid to plaintiff's counsel as a fee. The net remainder -- $28,190.00 -- will be paid to plaintiff.

Court approval of an FLSA settlement is appropriate
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes."

2

> Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

3

First, the total settlement represents approximately one-third of plaintiff's total alleged damages, exclusive of pre-judgment interest. Defendants contend that they have documentary evidence supporting their contention that plaintiff was always paid more than the minimum wage and was never owed overtime premium pay. Plaintiff is unable to identify any witness who will support his claim. As discussed in more detail below, given the risks these issues present, the settlement amount is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute plaintiff's claim that he was an employee of the pharmacy and the number of hours he worked. Thus, trial preparation would likely require depositions of both sides to explore these issues. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. To prevail at trial plaintiff will bear the burden of proving that he was an employee and the number of hours he worked. Given plaintiff's inability to identify any corroborating evidence and his interest in the outcome, there is a non-trivial risk that a fact finder may not credit his testimony. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommen-

4

dation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at a judicially supervised settlement conference. This fact further negates the possibility of fraud or collusion.

The parties have also agreed to execute mutual general releases.[2] Judges in this District have approved FLSA settlements containing mutual general releases. Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.); accord Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.). Accordingly, I find the release agreed to by the parties permissible.

Finally, the settlement provides that 33.3% of the net settlement fund -- $14,094.00 -- will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net

---

[2] In order for a general release to be truly mutual and, thus, consistent with the "primary remedial purpose" of the FLSA, a plaintiff must receive general releases from all the persons and entities to whom he provides a general release. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015); see Chowdhury v. Brioni Am., Inc., 16 Civ. 344 (HBP), 2017 WL 5125535 at *3 (S.D.N.Y. Nov. 1, 2017) (Pitman, M.J.) (rejecting settlement where general release was not "truly mutual" because plaintiffs released "a broad array of persons and entities other than the named defendants, including defendants' former, present and future employees . . ." yet plaintiffs only received a release from defendants' claims).

settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the

action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
August 1, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel